UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW JERSEY

STATE OF NEW JERSEY
by GURBIR GREWAL,
Attorney General of the
State of New Jersey

        Plaintiff,

  v.

UNITED STATES DEPARTMENT
OF JUSTICE

        Defendant.

Civil Action No.

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I.    NATURE OF ACTION

1. On February 5, 2019, the State of New Jersey ("Plaintiff") submitted a Freedom of Information Act ("FOIA") request to the Department of Justice ("DOJ" or "Defendant") relating to DOJ's Office of Legal Counsel's ("OLC") November 2, 2018 opinion, *Reconsidering Whether the Wire Act Applies to Non-Sports Gambling*. In that opinion, DOJ reversed its previous seven-year-old position that had allowed online gambling to proceed. New Jersey submitted its FOIA request to understand why DOJ reversed its position on the Wire Act and requested expedited processing.

2. On February 26, 2019, the State of New Jersey, not having received any response to its February 5, 2019 FOIA request and request for expedited processing, submitted a letter to the Department of Justice renewing its earlier requests.

3. On February 27, 2019, DOJ assigned a tracking number to New Jersey's FOIA request. By letter dated March 8, 2019, the Criminal Division of the DOJ acknowledged receiving on February 27, 2019, New Jersey's February 5, 2019 FOIA request. Also on March 8, 2019, the Criminal Division of the DOJ granted New Jersey's request for expedited treatment of its FOIA request.

4. As of the date of the filing of this complaint, Defendant has not produced any records in response to Plaintiff's FOIA request. Nor has it objected to the requests or identified any ground for withholding responsive material as exempt from production under FOIA. Defendant has violated FOIA by failing to respond to Plaintiff's requests within the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information.

5. New Jersey brings this action against DOJ to compel compliance with FOIA, 5 U.S.C. § 552. New Jersey seeks an injunction directing DOJ to adhere to FOIA and search for and produce all responsive documents.

## II.     JURISDICTION AND VENUE

6. This court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. This court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C § 2201 *et seq*.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.     PARTIES

9. Plaintiff State of New Jersey is represented by its Attorney General, Gurbir S. Grewal, with a principal place of operation at 25 Market St., Trenton, NJ 08625.

10. Defendant Department of Justice is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## IV.     STATUTORY FRAMEWORK

11. FOIA provides every person with a right to request and receive federal agency records. *See* U.S.C. § 552(a)(3)(A).

12. In an effort to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *See id.* § 552(a)(6)(A).

13. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. *Id.* § 552(a)(6)(A)(i).

14. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. V. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

15. An agency must respond to a request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

16. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

17. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. *Id.* § 552(a)(6)(A)(i).

18. A requester may also ask the agency for expedited processing of a FOIA request if it demonstrates a "compelling need" for the requested records. 5 U.S.C. § 552(a)(6)(E). DOJ permits expedited requests if the requester could suffer the "loss of substantial due process rights" and if there is an "urgency to inform the public" about the information. 28 C.F.R. § 16.5(e)(1). Expedited processing likewise is appropriate where the requested information involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5 (e)(1)(iv).

19. If expedited processing is requested, the agency must provide a determination of whether to provide expedited processing within 10 days after the request is made. 5 U.S.C. § 552(a)(6)(E)(ii).

20. A request that was granted expedited processing shall be "given priority" in processing and should be processed "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. 16.5(e)(4). The statute is silent on additional requests of time for requests that are granted expedited processing.

21. An agency's failure to comply with timing requirements is constructive denial and satisfies the requester's requirement to exhaust administrative remedies. *Id.* § 552(a)(6)(C)(i).

22. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *See id.* § 552(a)(4)(B).

## V. FACTUAL ALLEGATIONS

23. On January 14, 2019, DOJ published a memorandum opinion by the OLC, dated November 2, 2018, regarding the Wire Act, 18 U.S.C. § 1084, entitled *Reconsidering Whether the Wire Act Applies to Non-Sports Gambling*.

24. Despite the absence of any intervening change in law or relevant facts, the 2018 OLC opinion reversed the DOJ's 7-year-old position on the Wire Act, which had allowed non-sports online gaming to proceed. The new opinion asserted that federal criminal law applies to online gambling. DOJ initially indicated that criminal enforcement would begin in 90 days. DOJ subsequently extended the original 90-day non-enforcement period, which is currently extended through June 14, 2019.

25. Several press reports have linked the DOJ's reversal of its legal interpretation of the Wire Act to lobbying by a major Republican campaign contributor. *See, e.g.,* "Justice Department's Reversal on Online Gambling Tracked Memo From Adelson Lobbyists," The Wall Street Journal (Jan. 18, 2019); "Justice Department issues new opinion that could further restrict online gambling," The Washington Post (Jan. 14, 2019) (citing $113 million Adelson family gave to

support Republicans in the 2016 election cycle, including $20 million to back President Trump's campaign); "Adelson Suspected in Interfering with DoJ's Decision on Wire Act," Gambling News (Feb. 11, 2019). Media reports cited to, among other things, a specific memoranda provided by "an Adelson-backed lobbying team" that the Government acknowledged had reached the OLC. *See* "Justice Department decision to issue legal opinion long sought by casino magnate Sheldon Adelson draws criticism," The Washington Post (Feb. 7, 2019).

26. In order to understand the facts and reasoning leading to the DOJ's decision to reverse course on the Wire Act, Plaintiff submitted a FOIA request to DOJ on February 5, 2019. Plaintiff requested expedited processing of its FOIA request.

27. The Attorneys General of New Jersey and Pennsylvania also sent a letter to the DOJ expressing objections to the OLC's opinion and explaining the states' extensive efforts to ensure that their online gambling industries comply with current law.

28. In its FOIA request, Plaintiff requested the following records:

    a. All records reflecting memoranda, communications, consultations or meetings relating to the Wire Act, online gaming, online gambling, online wagering, Internet gaming, Internet gambling, Internet wagering, the 2011 Opinion, and/or the 2018 Opinion;

b. That are contained in the following offices:

   i. The Office of the Attorney General; or

   ii. The Office of the Deputy Attorney General; or

   iii. The Office of the Associate Attorney General; or

   iv. The Office of the Assistant Attorney General, Criminal Division; or

   v. The Office of Legislative Affairs; or

   vi. The Office of Legal Policy; or

   vii. The Office of Public Affairs; or

   viii. The Office of the Executive Secretariat;

c. And that involve, refer to, or relate to the following entities:

   i. Any non-governmental actors or organizations, including but not limited to the Coalition to Stop Internet Gambling, Las Vegas Sands, the Lincoln Group, Sheldon Adelson, Blanche Lincoln, Charles Cooper, and Darryl Nirenberg; or

   ii. Any organization or individuals in the Executive Office of the President, including but not limited to the Office of the White House Counsel and the Office of Management and Budget.

29. The FOIA request stated that the time frame for the request was January 20, 2017 to the date of DOJ's response.

30. In its FOIA request, Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii) because disclosure is in the public interest, is likely to contribute significantly to public understanding of the operations or activities of the government, and is not primarily in the commercial interest of the requestor.

31. The DOJ's FOIA guide provides that an expedited request should be fulfilled within 20 days. Requests not fulfilled in that time frame are subject to a "rebuttable presumption that the agency has failed to process the request 'as soon as practicable.'" Dep't of Just., *Department of Justice Guide to the Freedom of Information Act*, (Mar. 7, 2019) *available at* https://www.justice.gov/oip/doj-guide-freedom-information-act-0. Since the Criminal Division of the DOJ acknowledged receiving the February 5, 2019 FOIA request on February 27, 2019, the 20 business day deadline for Defendant to provide the requested documents was March 27, 2019.

32. Having received no further communication nearly three weeks after Defendant's initial response providing expedited processing, a Deputy Attorney General ("DAG") telephoned the DOJ Criminal Division FOIA office on March 25, 2019. The DAG spoke to Francine Canty, who confirmed that the FOIA request was received and that the request for expedited processing was approved. Ms. Canty confirmed that the request was forwarded to the office of the Assistant

Attorney General and advised that Plaintiff call back in two to three weeks about the request. She could not provide further information, despite the expedited nature of the request.

33. On March 29, 2019, the DAG called Defendant again and spoke to a FOIA office supervisor, Christina Butler. Despite Plaintiff reminding Defendant that nearly three weeks have passed since the grant of expedited processing, Ms. Butler said she had no further information about the timing of a response to the request. Ms. Butler reiterated that the request was with the Office of the Assistant Attorney General. The DAG requested a staggered disclosure of documents, but Ms. Butler explained that it was not possible until the FOIA office received documents and had a chance to review them. Ms. Butler provided no explanation for the determination that there were "unusual circumstances" associated with the FOIA request other than that communications may take time to search.

34. A request for communications documents does not warrant a finding of "unusual circumstances" leading to a 10-day delay of the request. Even assuming that the adding of 10 business days due to "unusual circumstances" was appropriate in this instance, which Plaintiff does not concede, the deadline would be/have been April 10, 2019.

35. As of this filing, Plaintiff has not received any further communication from Defendant and has not received a response on whether Plaintiff's FOIA request will be fulfilled or whether responsive documents were found.

36. Because DOJ failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(A)(C).

## VI. CLAIM FOR RELIEF

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as fully set forth herein.

38. By failing to provide documents responsive to Plaintiff's FOIA request within the statutorily mandated time period, DOJ has violated its duties under FOIA, 5 U.S.C. § 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonable segregable nonexempt information, and to not withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court:

1. Order DOJ to conduct a search, by a date certain, for any and all responsive records to Plaintiff's February 5, 2019 FOIA request and demonstrate

that it employed search methods reasonably likely to lead to discovery of all responsive records;

2. Order DOJ to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin DOJ from withholding any and all nonexempt responsive records;

4. Award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Plaintiff any other relief this court deems appropriate.

Respectfully submitted,
GURBIR S. GREWAL
Attorney General of New Jersey

Date: May 7, 2019

By: */s Glenn J. Moramarco*
GLENN J. MORAMARCO
Assistant Attorney General
MARIE SOUEID
Deputy Attorney General
*Admission Pending*
R.J. Hughes Justice Complex
25 Market Street
Trenton, N.J. 08625
(609) 376-3235
Glenn.Moramarco@law.njoag.gov
Marie.Soueid@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*